UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

PEDRO GUERRERO,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, PEDRO GUERRERO, is a citizen of the state of Florida.

2. Defendant, NCL (BAHAMAS) LTD. ("Defendant"), is a corporation incorporated in Bermuda with its principal place of business in Miami, Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

    a. Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060,

1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

4.  At all times material hereto, Defendant, personally or through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

    d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.  Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5.  Defendant is subject to the jurisdiction of the courts of this state.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.  Defendant NCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Gem*.

## FACTS COMMON TO ALL COUNTS

8.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Gem* ("the vessel").

9.  At all times material hereto, Defendant had exclusive custody and control of the vessel.

10. On or about August 16, 2021, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

11. On or about the evening of August 16, 2021, the Plaintiff was descending an interior staircase located aboard the vessel, when he fell down stairs and sustained severe injuries.

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a.  Failure to provide and/or utilize a reasonably safe stairway and walking/flooring surface in light of the anticipated use of the subject steps; and/or

b.  Failure to provide adequate lighting on or near the subject stairway; and/or

c.  Failure to provide adequate handrails on the subject stairway; and/or

d.  Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to fall; and/or

e.  Failure to use contrasting colors and patterns on the steps and/or landings to adequately mark the change in level of each step; and/or

f.  Failure to utilize a reasonably safe flooring surface without unmarked and/or hidden raised thresholds in light of the anticipated traffic and anticipated purpose of the area; and/or

g.  Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

h.  Failure to correct hazardous conditions following prior trip and/or slip-and-fall incidents on the same or similar steps, decks, and/or type of flooring surface; and/or

i.  Failure to incorporate applicable standards, including the ASTM and/or the Americans with Disabilities Act (ADA), to changes in levels open to passengers like the Plaintiff; and/or

j.  Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

14. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

15. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Bradberry v. NCL (Bahamas) Ltd., et al.*, Case No. 21-cv-20477-RNS (S.D. Fla. 2021) (fall interior staircase); *Priddy v NCL (Bahamas) Ltd.*, Case No. 10-cv-24321-UU (S.D. Fla. 2010) (fall interior staircase); *Starosta v NCL (Bahamas) Ltd.*, Case No. 16-cv-20667-RNS (S.D. Fla. 2016) (fall interior staircase); *Lipschultz v. NCL (Bahamas) Ltd.*, Case No. 11-cv-21595-JAL (S.D. Fla. 2011) (fall interior staircase); Michalski, Liz - May 21, 2016 (no lawsuit filed, fall interior staircase).  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

16. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

### COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

19. On or about the above date, the Plaintiff was on an interior staircase aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

20. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a.   Failure to adequately warn the Plaintiff of the dangers posed by the steps; and/or

b.   Failure to adequately warn the Plaintiff of the existence of trip-and-fall/slip-and-fall/hazardous conditions on the steps, such as raised metal edge(s) and/or metal strip(s); and/or

c.   Failure to adequately warn passengers and Plaintiff of other fall accidents previously occurring on the same steps and adjacent deck area; and/or

d.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the steps.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

22. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  *See generally Bradberry v. NCL (Bahamas) Ltd., et al.*, Case No. 21-cv-20477-RNS (S.D. Fla. 2021) (fall interior staircase); *Priddy v NCL (Bahamas) Ltd.*, Case No. 10-cv-24321-UU (S.D. Fla. 2010) (fall interior staircase); *Starosta v NCL (Bahamas) Ltd.*, Case No. 16-cv-20667-RNS (S.D. Fla. 2016) (fall interior staircase); *Lipschultz v. NCL (Bahamas) Ltd.*, Case No. 11-cv-21595-JAL (S.D. Fla. 2011) (fall interior staircase); Michalski, Liz - May 21, 2016   (no lawsuit filed, fall interior staircase). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

23. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment

of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

### COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject staircase, in a reasonably safe condition.

26. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

    a. Failure to maintain the subject area free of trip-and-fall/slip-and-fall hazards; and/or

    b. Failure to maintain the subject steps and adjacent landings free of trip-and-fall/slip-and-fall hazards; and/or

    c. Failure to maintain the subject metal edge(s) and/or metal strip(s) of the subject steps in a manner that was flush with the steps and not raised and/or hazardous; and/or

    d.   Failure to adequately inspect the area where Plaintiff's incident occurred for slipping/tripping hazards; and/or

    e.   Failure to adequately, timely, and regularly inspect and maintain the subject steps in a reasonably safe condition, including, but not limited to, in a clean and dry condition and free of trip-and-fall hazards; and/or

    f.   Failure to adequately, timely, and regularly inspect and maintain the subject metal edge(s) and/or metal strip(s) of the subject steps in a reasonably safe condition, including, but not limited to, in a manner that was flush with the steps and not raised and/or hazardous; and/or

    g.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of trip-and-fall hazards; and/or

    h.   Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject steps in a reasonably safe condition.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

28. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Bradberry v. NCL (Bahamas) Ltd., et al.*, Case No. 21-cv-20477-RNS (S.D. Fla. 2021) (fall interior staircase); *Priddy v NCL (Bahamas) Ltd.*, Case No. 10-cv-24321-UU (S.D. Fla. 2010) (fall interior staircase); *Starosta v NCL (Bahamas) Ltd.*, Case No. 16-cv-20667-RNS (S.D. Fla. 2016)

(fall interior staircase); *Lipschultz v. NCL (Bahamas) Ltd.*, Case No. 11-cv-21595-JAL (S.D. Fla. 2011) (fall interior staircase); Michalski, Liz - May 21, 2016  (no lawsuit filed, fall interior staircase). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Dated: July 26, 2022

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com